**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY HOBBS** | ) | |
| 2920 MEADOW LANE | ) | |
| YOUNGSTOWN, OHIO 44511 | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | ORIGINAL COMPLAINT |
| | ) | (JURY DEMAND ENDORSED HEREON) |
| **MAHONING COUNTY DISTRICT** | ) | |
| **BOARD OF HEALTH** | ) | |
| 50 WESTCHESTER DRIVE | ) | |
| YOUNGSTOWN, OHIO 44515 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Now comes Plaintiff, KIMBERLY HOBBS who, by and through her undersigned counsel alleges and avers her Complaint as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States of America for deprivations of rights secured by the Constitution and laws of the United States.

2. This Court has jurisdiction over the Plaintiff's claims arising under the Constitution and laws of the State of Ohio pursuant to 28 U.S.C. § 1367(a), as such claims are part of the same case or controversy as those giving rise to the

claims over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue properly lies in this Court under 28 U.S.C. § 1391(b), as the Defendant resides within the Northern District of Ohio and all relevant events giving rise to the action occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff, KIMBERLY HOBBS, is an individual over the age of 18 years who resides in the City of Youngstown, County of Mahoning, Ohio.

5. Defendant, MAHONING COUNTY DISTRICT BOARD OF HEALTH(hereinafter "Board of Health") is a public employer and operating pursuant to the laws of the State of Ohio with its principal place of business located in the City of Youngstown, County of Mahoning, State of Ohio.

## FACTUAL HISTORY

6. Plaintiff realleges and incorporates by reference Paragraphs 1 through 5, as set forth above.

7. Plaintiff was hired by the Defendant in 1996 as a Sanitarian in Training and shortly thereafter became a Registered Sanitarian (licensed health inspector). As part of her employment requirements, Plaintiff conducted health inspections of restaurants and food vendors.

8. During her sixteen and one-half years (16 ½) years of employment with the Defendant, Plaintiff had no significant work-related complaints, discipline, or performance issues.

9. On August 28, 2012, Plaintiff was coerced into resignation by the Defendant.

10. During her employment, Plaintiff suffered from arthritis in her back and knees, lymphedema, and anemia, among other health-related issues. Based on these disabilities, Plaintiff is a member of a protected class.

11. Upon diagnosis, the Plaintiff promptly made her supervisor, Mary Helen Smith, aware of her disabilities and requested reasonable accommodations for those disabilities in order to perform her job as a health inspector.

12. With reasonable accommodations from the Defendant, employer, Plaintiff was able to satisfactorily perform her essential job duties as a health inspector at the Mahoning County Department of Health.

13. In the Summer of 2012, the Plaintiff was planning on working in her capacity for the Defendant employer as a health inspector at the Canfield Fair.

14. On July 16, 2012, the Plaintiff e-mailed her supervisor, Mary Helen Smith and requested a reasonable accommodation – a golf cart for transportation – to assist with mobility between food cart/vendor inspections.

15.     This request for accommodation of her disabilities was reasonable, and, in fact, was provided to other Board of Health employees in the past.

16.     Plaintiff's supervisor, Mary Helen Smith, failed to respond to the requested accommodation.  Smith then commented to Plaintiff's coworkers that she would not provide the requested accommodation to Hobbs because she did not want to be an "enabler".  Furthermore, when Hobbs inquired about the ignored request, Smith stated that the accommodation would not matter as Hobbs could not do her job either way.

17.     Thereafter, in early August 2012, Plaintiff was formally reprimanded by the Defendant due to her performance of mobile food concession trailer inspections.  Plaintiff's supervisor, Mary Helen Smith (who denied Hobbs's request for accommodation), followed Hobbs during inspection of mobile units.  Smith determined that the Plaintiff's inability to get into and out of the mobile units was unsatisfactory performance and initiated disciplinary action against the Plaintiff.  This was Plaintiff's first disciplinary action with the Defendant in over sixteen (16) years of employment.

18.     Had Plaintiff's requested accommodations been granted by the Defendant, her performance as a health inspector at the Canfield Fair would have been exceptional as has been

demonstrated over her last sixteen and one-half (16 ½) years of employment with Defendant.

19. After the disciplinary reprimand, Plaintiff had a meeting with Smith and other Board of Health management personnel. During that meeting, Hobbs again addressed her previous requests for disability accommodations. During that meeting, Smith again voiced her opinion that accommodation(s) will not matter as the Plaintiff could not perform her job duties either way.

20. Thereafter, the Plaintiff's physician submitted updated physical restrictions effective September 10, 2012, to her employer. In response, Mary Helen Smith demanded the Plaintiff resign as a result of her restrictions. Upon information and belief, Smith failed to inform the Plaintiff that she may remain employed by the Board of Health while on PERS disability for a period of up to five (5) years. Smith's actions were to ensure Hobbs no longer remained employed at the Board of Health and was done to further harass, discriminate, and retaliate against the Plaintiff due to her disabilities.

21. Plaintiff was constructively discharged from her employment with the Mahoning County Board of Health on August 28, 2012.

**ADMINISTRATIVE PREREQUISITES**

22.  Plaintiff has complied with all the administrative prerequisites to action under The Americans With Disabilities Act, 42 U.S.C. § 12112 as follows:

A. On or about March 06, 2013, Plaintiff timely filed a formal charge of disability discrimination against Defendant Board of Health with the Equal Employment Opportunity Commission ("EEOC").

B.  Plaintiff fully cooperated in the agency's investigation.

C.  On March 23, 2015, the EEOC issued a Right to Sue Letter to the Plaintiff.  That letter was received by the Plaintiff on March 27, 2015.  A copy of the EEOC Right to Sue Letter is attached hereto as Plaintiff's Exhibit 1.

**FIRST CLAIM**
**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12112)**

23. Plaintiff realleges and incorporates by reference Paragraphs 1 through 22, as set forth above.

24. This claim is authorized and instituted pursuant to the provisions of The Americans With Disabilities Act, 42 U.S.C. § 12112 (hereinafter "ADA"), for relief based upon the unlawful employment practices of the Mahoning County Board of Health. Specifically, Plaintiff complains that her termination was

based on her disability, retaliatory in nature and therefore violates the ADA.

25. Plaintiff is an individual diagnosed with physical impairments – arthritis of the back and knees, lymphedema, and anemia – which substantially limit one or more major life activities. Therefore, Plaintiff is a member of a protected class for purposes of the ADA.

26. At all times relevant to this action, Plaintiff fully, adequately, and completely performed all of the functions, duties and responsibilities of her employment with Defendant Board of Health.

27. As a result of the Board of Health's policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her disability.

28. Upon information and belief, the Board of Health replaced Plaintiff a person outside the protected class.

29. As a further result of the Board of Health's above stated actions, Plaintiff has been, is being, and will continue to be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her disability, in an amount to be proven at trial.

**SECOND CLAIM**
**OHIO REV. CODE 4112.02 – DISABILITY DISCRIMINATION**

30. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29, as set forth above.

31. As a result of the Board of Health's conduct described above, Plaintiff has been discriminated and retaliated against on the basis of her disability in violation of O.R.C. 4112.02 and its implementing regulations.

32. As a result of the Board of Health's above stated actions, Plaintiff has been, is being, and will continue to be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her disability, in an amount to be proven at trial.

33. As a further result of the Board of Health's actions, Plaintiff has suffered consequential damages, including personal injury, pain and suffering, and emotional harm and distress.

34. Plaintiff continues to suffer irreparable harm as a result of the Board of Health's violation of her rights under the above statute.

## THIRD CLAIM
## OHIO PUBLIC POLICY

35.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 34, as set forth above.

36.   The Board of Health's termination of Plaintiff denied Plaintiff equal employment opportunities because of her disabilities.

37.   The Board of Health's actions discriminated against the Plaintiff and caused Plaintiff to be treated disparately from her similarly situated co-workers.

38.   The foregoing conduct violates the disability discrimination provisions of Ohio Public Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KIMBERLY HOBBS demands judgment and damages against the Defendant as follows:

A. A declaratory judgment that Defendant has violated Plaintiff's right to be free from disability discrimination pursuant to The Americans With Disabilities Act, 42 U.S.C. § 12112, et seq.;

B. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, benefits and reinstatement to a position Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay.

C. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses;

D. An award for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in The Americans With Disabilities Act, 42 U.S.C. § 12112, and as provided under state law;

E. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

F. Such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Robert A. Pecchio, Esq.*
Robert A. Pecchio, Esq. (0025282)
Andrew J. Wides, Esq. (0091633)
**The Law Offices of the
ROBERT A. PECCHIO Co., L.P.A.**
2305 East Aurora Road, Suite A-1
Twinsburg, Ohio  44087
330-963-6600 (p)
330-963-6650 (f)
rpecchio@pecchiolawfirm.com
awides@pecchiolawfirm.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury with the maximum number of jurors allowed by law.

Respectfully Submitted,

*/s/ Robert A. Pecchio, Esq.*
Robert A. Pecchio, Esq. (0025282)
Andrew J. Wides, Esq. (0091633)
**The Law Offices of the**
**ROBERT A. PECCHIO Co., L.P.A.**
2305 East Aurora Road, Suite A-1
Twinsburg, Ohio  44087
330-963-6600 (p)
330-963-6650 (f)
rpecchio@pecchiolawfirm.com
awides@pecchiolawfirm.com

*Attorneys for Plaintiff*